IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                          NO. 11-50031-001

ISAIAH D. MAHONE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 21, 2013, the Defendant/Movant Isaiah Mahone (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 48). Briefs have been submitted, and the matter is now ripe for consideration. The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

**I.    PROCEDURAL BACKGROUND:**

On February 24, 2011, Defendant was named in a two-count Indictment, charging him with one count of being a felon in possession of firearms, on or about January 7,2011, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the other count charging him with aiding and abetting and possessing with the intent to distribute marijuana, on or about January 7,2011, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2. (Doc. 1).

On March 17, 2011, Defendant appeared before the undersigned for arraignment with counsel, and entered a not guilty plea to each count. (Doc. 8).

-1-

On June 20, 2011, Defendant waived indictment and consented to prosecution by information. (Doc. 25).

On June 20, 2011, an Information was filed, charging Defendant with having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessing a firearm, which had previously traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Doc. 26).

On June 20, 2011, Defendant entered a plea of guilty to the information, pursuant to a written Plea Agreement. (Doc. 28).

At the sentencing hearing held on November 8, 2011, after hearing arguments of counsel and considering Defendant's objections to the presentence investigation report (PSR), United States District Judge Jimm Larry Hendren determined Defendant's offense to be 28 with a criminal history category of 5, resulting in a Guidelines range of 130 to 162 months imprisonment.(Doc. 44 at p. 44). However, Judge Hendren recognized Defendant's Guideline range was capped at 120 months, based on the statutory maximum, and sentenced Defendant to 120 months imprisonment; 3 years supervised release; a special assessment of $100; and a fine of $7,500. (Doc. 37).

An appeal challenging his sentence to the Eighth Circuit Court of Appeals was taken by Defendant, and on August 20, 2012, a Judgment was entered in United States v. Mahone, 688 F.3d 907

-2-

(8th Cir. 2012), wherein the Eighth Circuit affirmed the sentence imposed by Judge Hendren. (Doc. 46).

**II. <u>GROUNDS FOR § 2255 MOTION</u>:**

In his § 2255 motion, which Defendant filed <u>pro</u> <u>se</u>, Defendant asserts the following grounds for relief:

<u>Ground One:</u>  Counsel was ineffective for failure to properly contest, object and appeal erroneous aggravating enhancements;

<u>Ground Two</u>: Counsel was ineffective for recommending and advising Defendant to enter a plea agreement, which permitted the use of relevant conduct;

<u>Ground Three:</u>  As a result of cumulative errors, the district court misapplied the statutory maximum and imposed an otherwise illegal sentence; and

<u>Ground Four:</u> Defendant directs the Court to "See attached Memorandum."

**III. <u>ARGUMENTS RAISED BEFORE THE EIGHTH CIRCUIT</u>:**

On appeal, Defendant argued that the district court's rulings were procedural guidelines errors.  <u>Id.</u>, 688 F.3d at 908-909.  The Eighth Circuit summarized the relevant facts as recited in paragraphs of the PSR, to which Defendant did not object, and the Court will not repeat those facts here.  <u>Id.</u> at 909.  The Eighth Circuit discussed the Guidelines' relevant conduct principles, and noted the PSR recommendation that

-3-

Defendant "be held accountable for all of the firearms involved in the instant offense (two of which were stolen), not just the firearm to which he pled guilty." Id.   Therefore, the PSR recommended a two-level increase for three firearms; a two-level increase for stolen firearms; and a four-level increase for possession of a firearm in connection with another felony offense. Id. The Eighth Circuit stated:

> On appeal, Mahone argues that the two firearms found during the warrant search of Apartment 12 were not relevant conduct for the offense of conviction because renting a weapon at a firing range "is not connected or similar to being in an apartment where drugs and stolen firearms are located." We disagree. At least four of our sister circuits have concluded that a defendant's pattern of unlawfully possessing multiple firearms over the course of several months constitutes "the same course of conduct" for relevant conduct purposes. (Citations omitted).
>
> . . .
>
> Here, the Offense Conduct paragraphs of the PSR, to which Mahone did not object, contained substantial evidence that the three firearms at issue were part of a single course of conduct: informants who made controlled buys reported guns being kept in the apartments; a regular marijuana and ecstasy customer of Mahone told officers that Mahone collected firearms and traded them for drugs; in a cell phone text message, Mahone was asked, "Can I come get that lil 380," by the perpetrator of an armed robbery that same night; and the cell phone contained pictures of other firearms as well as the video of Mahone shooting a handgun at a firing range less than four months before officers discovered two firearms in Apartment 12.  On this record, the district court's findings that Mahone illegally possessed three firearms, two of which were stolen, were not clearly erroneous.

Id. at 909-910.  The Eighth Circuit then addressed Defendant's objection to the third enhancement - possession of a firearm in

-4-

connection with another felony offense.  Id. at 910.  The Eighth Circuit stated that in general, "relevant conduct includes 'uncharged conduct [that] is part of the same course of conduct as the offense of conviction.'" (citations omitted). Id.  "Given the 'well-known tendency of drug criminals to use firearms in connection with their drug activities,' (citation omitted), the district court did not clearly err in finding that the same course of conduct for Mahone's offense of conviction included his closely interrelated drug trafficking and continuing illegal possession of firearms."  Id.

The Eighth Circuit next addressed Defendant's argument on appeal that the district court erred in denying a reduction for acceptance of responsibility because he objected to the relevant conduct enhancements recommended in the PSR. Id. at 911. The Eighth Circuit concluded that the district court primarily denied Defendant a reduction because he falsely denied relevant conduct that was obviously true, both during the Probation Officer's interview and again in answering the court's questions at sentencing, not because he challenged firearm enhancements recommended in the PSR. Id.

Claims raised and decided on direct appeal cannot be relitigated in a motion to vacate under § 2255.  Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012)(quoting from Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) cert. denied,

540 U.S. 1094 (2003)).   "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).   However, Defendant did not raise ineffective assistance counsel claims in his appeal to the Eighth Circuit, and the Eighth Circuit considers ineffective-assistance claims to be "best litigated" in § 2255 proceedings. United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009), cert. denied, 559 U.S. 958, 130 S.Ct. 1555, 176 L.Ed.2d 143 (2010).[1]  Therefore, the Court will address the ineffective assistance of counsel claims contained in Grounds I and II.

**IV. GROUNDS ONE AND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS:**

To succeed on his ineffective assistance of counsel claims, Defendant must first demonstrate that "(1) 'counsel's representation fell below an objective standard of reasonableness;' and (2) 'the deficient performance prejudiced the defense.'" Miller v. Dormire, 310 F.3d 600, 602 (8th Cir. 2002) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The prejudice requirement has been held to require that

---

[1] "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, *whether or not the petitioner could have raised the claim on direct appeal.*" DeOliveira v. United States, No. 5:09-CR-50035, 2014 WL 2873888 at *6 (W.D. Ark., June 24, 2014)(quoting Massaro v. United States, 538 U.S. 500, 504-05 (2003)(emphasis added).

there be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   See United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005). In addition, every effort should be made to eliminate the "distorting effects of hindsight" in assessing the attorney's conduct.   Strickland, 466 U.S. at 689.

If Defendant fails to show deficient performance by his counsel, the Court does not need to proceed any further in its analysis of an "ineffective assistance" claim. United States v. Walker, 324 F.3d 1032, 1040 (8th Cir. 2003), cert. denied, 540 U.S. 898 (2003). Defendant's burden is a heavy one, DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000), and there is a "strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance." Davis v. Norris, 423 F.3d 868, 877 (8th Cir. 2005).

**A.   GROUND ONE: COUNSEL WAS INEFFECTIVE FOR FAILURE TO PROPERLY CONTEST, OBJECT AND APPEAL ERRONEOUS AGGRAVATING ENHANCEMENTS:**

Subsequent to Defendant entering his guilty plea to the information, the PSR was prepared, and after all of the factors were calculated, the PSR revealed the guideline range for imprisonment was 100 to 125 months. However, pursuant to the provision of United States Sentencing Guidelines 5G1.1(c), the sentence imposed within the applicable guideline range can not be greater than the statutorily authorized maximum sentence,

-7-

which is not more than 10 years. Therefore, the PSR indicated the guideline range for imprisonment was 100 to 120 months; the guideline range of supervised release was at least 1 year but not more than 3 years; and the guideline range for a fine was from $10,000 to $100,000. (PSR at pgs. 17-18).

Prior to the sentencing, on November 7, 2011, Defendant's attorney filed a Sentencing Memorandum, wherein he raised four objections to the PSR, "primarily based upon the contention that the conduct outlined in the PSR does not qualify as relevant conduct." (Doc. 30).  The Probation Officer set forth the nature of Defendant's objections in the Second Addendum to the Presentence Report, as follows:

> 1.  The defendant objects to paragraph 36 of the presentence report. The defendant specifically objects to the finding of three or more firearms as the specific offense to which the defendant pled guilty only involved one firearm.
>
> 2.  The defendant objects to paragraph 37 of the presentence report. The defendant specifically objects to the[sic] being enhanced 2 levels for a stolen firearm as the specific offense to which the defendant pled guilty does not involve a stolen firearm.
>
> 3. The defendant objects to paragraph 38 of the presentence report. The defendant specifically objects to the[sic] being enhanced 4 levels for using or possessing a firearm in connection with another felony offense as the specific offense to which the defendant pled guilty does not involve another felony offense other than possession.
>
> 4. The defendant objects to paragraph 45 of the presentence report. The defendant specifically objects to the total offense level for reasons

stated in the previous objections and believes
the total offense level should be reduced from 25
to 17.

(Doc. 32 - Second Addendum to the Presentence Report).

At the sentencing hearing, Judge Hendren asked Defendant if
he was still satisfied with his attorney's advice and service to
him, to which Defendant replied "Yes, sir." (Doc. 44 at p.3).
Defendant also indicated that he had had enough time to talk
with his attorney. (Doc. 44 at p.3).  At the hearing, the
Government indicated it had no objection to the PSR. (Doc. 44 at
pgs.4-5).

Judge Hendren noted at the hearing that as a result of
meetings between him and the attorneys in chambers, he believed
that defense counsel's objections did not really challenge
factual assertions set out in the report, but rather made the
contention that even if the facts were true, they were not
sufficient to support the enhancements. (Doc. 44 at p.5). Judge
Hendren then heard defense counsel's arguments regarding his
objections to the enhancements. (Doc.44 at pgs.6-12). After
hearing the arguments, Judge Hendren overruled the four
objections, finding that the conduct at issue was properly
considered relevant conduct. (Doc. 44 at p.12).

Judge Hendren then heard arguments from both attorneys
regarding the question of whether Defendant should be awarded
points for acceptance of responsibility, and disapproved the

-9-

application of two points for acceptance of responsibility. (Doc. 44 at pgs.16- 19).

Clearly, counsel for Defendant aggressively objected to the PSR's enhancement for the relevant conduct, and aggressively argued his objections to the district court. In addition, he raised the relevant conduct arguments on appeal to the Eighth Circuit. Accordingly, Defendant has failed to satisfy the first prong of <u>Strickland</u>, which requires him to show that his counsel's representation fell below an objective standard of reasonableness. Therefore, there is no need to address the second <u>Strickland</u> prong of prejudice. <u>Walker</u>, 324 F.3d at 1040.

In his brief, Defendant additionally argues that his sentence "is open to attack based on the Supreme Court's holding in <u>Alleyne</u>."[2] (Doc. 49 at p. 4). In <u>Alleyne</u>, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt any fact which increased a mandatory minimum sentence. <u>Id.</u> at 255; <u>see also</u> <u>United States v. Davis</u>, 736 F.3d 783, 784 (8th Cir. 2013). Defendant's criminal judgment was entered by the Eighth Circuit Court of Appeals on August 20, 2012. He had 90 days thereafter, or until November 19, 2012, to petition for certiorari to the Supreme Court. <u>Putzier v. United States</u>, No. CR-10-4114-MWB, 2014 WL 5149218 at *2 (N.D.Iowa, Oct. 14, 2014)(citations

---

[2] <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013)

AO72A
(Rev. 8/82)

omitted), <u>appeal</u> <u>docketed</u>, No. 14-3456 (8th Cir. Oct. 30, 2014);
<u>see</u> <u>United States v. Hernandez</u>, 436 F.3d 851, 856 (8th Cir.
2006), <u>cert.</u> <u>denied</u>, 547 U.S. 1172 (2006)(noting that a criminal
defendant's conviction did not become "final" for the purposes
of a section 2255 petition until ninety days after the Eighth
Circuit issued its ruling on direct appeal).  <u>Alleyne</u> was
decided on June 17, 2013, after Defendant's conviction became
final.   While the Eighth Circuit Court of Appeals does not
appear to have addressed the issue, other courts have
consistently held that <u>Alleyne</u> does not apply retroactively to
cases on collateral review.   <u>See, e.g.</u> <u>United States v.</u>
<u>Winkelman</u>, 746 F.3d 134, 136 (3rd Cir. 2014); <u>United States v.</u>
<u>Harris</u>, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); <u>Simpson v.</u>
<u>United States</u>, 721 F.3d 875, 876 (7th Cir. 2013); <u>United States</u>
<u>v. Redd</u>, 735 F.3d 88, 91 (2d Cir. 2013); <u>United States v.</u>
<u>Stewart</u>, 540 Fed. App'x. 171 at n. (4th Cir. 2013); <u>In re Kemper</u>,
735 F.3d 211, 212 (5th Cir. 2013). In addition, even if the
<u>Alleyne</u> case was applied retroactively, it would not be
applicable in this case, as the facts found at sentencing did
not increase any mandatory minimum sentence, they were merely
considered in calculating Defendant's Guideline range. <u>United</u>
<u>States v. Ramirez-Negron</u>, 751 F.3d 42, 48 (1st Cir. 2014)
("[F]actual findings made for purposes of applying the
Guidelines, which influence the sentencing judge's discretion in

-11-

imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in <u>Alleyne</u>."); <u>United States v. Smith</u>, 751 F.3d 107, 117 (3rd Cir. 2014) ("<u>Alleyne</u> did not curtail a sentencing court's ability to find facts relevant in selecting a sentence within the prescribed statutory range."); <u>United States v. Cooper</u>, 739 F.3d 873, 884 (6th Cir. 2014) (finding <u>Alleyne</u> had no application to fact-finding resulting in an increased Guidelines sentence, explaining, "<u>Alleyne</u> dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range..."); <u>United States v. Booker</u>, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

Based upon the foregoing, the Court believes Defendant's arguments contained in Ground One are without merit.

**B.   <u>GROUND TWO:</u> COUNSEL WAS INEFFECTIVE FOR RECOMMENDING AND ADVISING MOVANT TO ENTER A PLEA AGREEMENT, WHICH PERMITTED THE USE OF RELEVANT CONDUCT:**

In his brief, Defendant contends that but for the erroneous advice of counsel, he would have gone to trial, "particularly his right to a full and fair suppression hearing, based on the fact that the evidence seized and used as relevant conduct in

-12-

the sentencing proceedings, were [sic] fruit of a questionable 'search and seizure,' i.e. Mahone, did not have any direct care and control of the residences targeted." (Doc. 49 at p. 9).

While the failure to file a suppression motion does not constitute per se ineffective assistance of counsel, Kimmelman v. Morrison, 477 U.S. 365, 384 (1986), it can amount to deficient performance, but Defendant must still show he was prejudiced by counsel's failure to do so. Id. at 375. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; Covington v. United States, 739 F.3d 1087, 1090 (8th Cir. 2014). "'[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Covington, 739 F.3d at 1090 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Defendant must demonstrate that his Fourth Amendment claim "is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Williams v. Locke, 403 F.3d 1022, 1026 (8th Cir. 2005)(quoting Kimmelman, 477 U.S. at 375).

Defendant is asking the Court to speculate as to whether the evidence used as relevant conduct to enhance the sentence

-13-

was obtained legally. This the Court will not do.  Furthermore, Defendant is unable to show he was prejudiced, as he cannot show that his sentence would have been different had the Court granted a motion to suppress and excluded the relevant conduct evidence.   This is because the Court would have been able to consider such evidence as relevant conduct under the Sentencing Guidelines, for purposes of sentencing. See United States v. Lynch, 934 F.2d 1226, 1234-37 (11th Cir. 1991), cert. denied, 502 U.S. 1037 (1992)(declining to extend the exclusionary rule to sentencing proceedings).

In addition, in the Plea Agreement signed by Defendant, paragraphs 2 and 15 provide:

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA(S)

2. The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the defendant is pleading guilty.  The defendant has committed each of the elements of the crime(s) to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.  In November 2010 the 4th Judicial Drug Task Force began investigating a drug trafficking organization in the Fayetteville area.  During the month of December 2010, members of the drug task force orchestrated several purchases of narcotics from 2288 W. Main, apartment #11, in Fayetteville.  Utility records indicated the defendant ISAIAH D. MAHONE, maintained at least some of the utilities at this address.  It was also learned during the investigation that the organization utilized 2288 Main, apartment #12, which is adjacent to apartment #11, to conduct some of their narcotics sales.

-14-

b.  On January 7, 2011, a search warrants [sic] were executed at apartment #11 as well as apartment #12 by the Fayetteville Police Department Emergency Response Team as well as the Drug Task Force.  While executing the search at apartment #12 the defendant was located.  In addition, officers located the defendant's cell phone.

c.  On January 13, 2011, a search warrant was obtained for the defendant's cell phone. Subsequent examination of the phone revealed numerous photographs of the defendant.  In addition, there was a video captured on the phone which was taken on or about September 19, 2010, which reveals the defendant at a firing range in Springdale, which is within the Western District of Arkansas.  The video also shows the defendant to be in possession of a firearm, specifically a Glock pistol, which was manufactured outside the State of Arkansas.  The defendant is seen in the video firing several target shots with the pistol.

d.  The defendant has a prior felony conviction out of Washington County from April 2002.

**RELEVANT CONDUCT CONSIDERED**

15.  At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

(Doc. 28).

Excerpts from the plea hearing, held on June 20, 2011, follow:

-15-

THE COURT: Are you satisfied with his [attorney] to you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had enough time to talk to him about your case?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: All right. First of all, did you sign the agreement on the last page?  It looks as though you did.

THE DEFENDANT:  Yes, sir.

THE COURT: Did you read it and –

THE DEFENDANT: Yes, sir.

THE COURT:  – Go over it?  Did you discuss it with Mr. Stewart thoroughly?

THE DEFENDANT: Yes, sir, I did.

THE COURT: Did anybody force you to make that agreement?

THE DEFENDANT: No sir.

THE COURT: Do [sic] you do it voluntarily?

THE DEFENDANT: (Nods his head up and down.)

THE COURT: The last paragraph of this agreement is Number 26. It's right above your signature, and it says that both you and Mr. Steward acknowledge that this Plea Agreement has everything in it that you've agreed to. Is that right?

THE DEFENDANT: Yes, sir.

THE COURT: So it's complete?

THE DEFENDANT: Yes, sir.

-16-

. . .

THE COURT: In the body of the agreement there is a Paragraph 2 that starts on Page 1 and goes over onto Page 2, and under that – above that Paragraph 2, there is a heading that says "Admission of Factual Basis in Support of Guilty Plea." Now, as I read that, I understand that's a statement of the facts that caused you to be charged, as you will be, with this count. Is that your understanding?

THE DEFENDANT: Yes, sir.

THE COURT: Is that information true that's set out there in that Paragraph 2?

THE DEFENDANT: Yes, sir, it's true.

THE COURT: And you've gone over that with Mr. Stewart. Is that true?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Over further into the agreement there's a paragraph that sets out what your punishment could be if you plead guilty as you plan to do. That's over on Page 5, Paragraph 9 there, and it says that you understand that if you should plead guilty to the contemplated charge, you could be imprisoned for as long as 10 years, and if it turns out that you have three or more felony convictions which are either violent in nature or considered to be serious drug offenses, then you could be facing a minimum, mandatory minimum, of 15 years.

THE DEFENDANT: Yes, sir.

THE COURT: And perhaps as much as life imprisonment.

THE DEFENDANT: Yes, sir.

THE COURT: You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you've discussed that with Mr. Stewart?

THE DEFENDANT: Yes, sir.

-17-

AO72A
(Rev. 8/82)

. . .

     THE COURT: All right, sir.  There is – let me get back to it here just a moment. Okay, this is Paragraph 14 over on Page 7. It says you understand that by making this agreement, that you've not been promised any specific sentence, and you understand that that'll be up to the court to determine a proper sentence for you. Do you understand that?

     THE DEFENDANT: Yes, sir.

     THE COURT: ...Let me approach it this way. You've gone over this carefully with Mr. Stewart?

     THE DEFENDANT: Yes, sir, and –

     THE COURT: Do you have any question –

     THE DEFENDANT: – by myself.

     THE COURT: I'm sorry?

     THE DEFENDANT: I said yes, and by myself.

     THE COURT: Okay. Do you have any questions you want to ask of me about anything that's in the agreement? Anything you don't understand?

     THE DEFENDANT: NO, sir.

(Doc. 59 at pgs. 3-8).

Judge Hendren tentatively approved the Plea Agreement and discussed Defendant's decision to waive indictment by the grand jury. (Doc. 59 at p. 10). Judge Hendren then asked Defendant the following:

     THE COURT: Also, we've talked about the punishment to which you're exposed in connection with the Plea Agreement. Do you have any questions about that?

     THE DEFENDANT: No, sir.

-18-

(Doc. 59 at p. 12).

The Government then related the factual basis for the charge against Defendant. (Doc. 59 at pgs. 12-14).  Defendant acknowledged that the facts were true.  Judge Hendren thereafter asked Defendant if he had any questions before he entered his plea, to which Defendant said "Not right off, sir." (Doc. 59 at p. 15). Judge Hendren than stated:

> THE COURT: Well, if you do, this would be a good time to ask.  But are you satisfied you understand the things that we've discussed here today?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, that's important because on down the line when we come into sentencing, I wouldn't want you to come in and say, "Now, Judge, I didn't quite understand that," or "I really didn't like Mr. Stewart at all. He's just standing by me and I had to say I was satisfied with him when I really wasn't."
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So if you've got any problems, now would be the time to tell me.
>
> THE DEFENDANT: I don't have no problems. I think it's a good deal, sir.

(Doc. 59 at p. 15).  Defendant then entered his plea of guilty and Judge Hendren accepted said plea. (Doc. 59 at p. 16).

"Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea." Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984)(citing Tollett v. Henderson, 411

-19-

U.S. 258 (1973).

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997)(quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)(citations omitted).

Defendant has failed to present any evidence that would lead the Court to believe his plea was not voluntary and knowing. Judge Hendren inquired as to whether he was satisfied with his attorney's performance, whether he had sufficient time to discuss the Plea Agreement with him, and gave him several opportunities to ask any questions at the plea hearing he might have.  Further, Defendant admitted the factual basis supporting the charge and, as indicated earlier, the plea agreement specifically provided that relevant conduct could be considered.

Accordingly, Defendant has failed to meet his burden of proving that his plea was not knowingly and voluntarily given.

**V.   GROUND THREE:   AS A RESULT OF CUMULATIVE ERRORS THE DISTRICT COURT MISAPPLIED THE STATUTORY MAXIMUM AND IMPOSED AN OTHERWISE ILLEGAL SENTENCE:**

Defendant argues that because of the erroneous use and calculation of contested conduct gleaned from the presentence investigation report, as well as the improper enhancements, the district court was presented with an incorrect starting point

-20-

for its required § 3553(a) analysis before deciding on the sentence it chose to impose. (Doc. 49 at p. 11).

The Court believes this argument is, in essence, the same argument that Defendant presented on appeal, which was addressed by the Eighth Circuit and is not subject to relitigation in this § 2255 case. <u>Davis</u>, 673 F.3d at 852. The Court therefore finds Ground III of Defendant's motion to be without merit.

Defendant further argues that the Court erred in not allowing his family an opportunity to speak in reference to his character. Relief under § 2225 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996). A defendant may overcome a procedural default "if he can show a cause that excuses the default and actual prejudice from the alleged error, or that he is 'actually innocent.'" <u>United States v. Graham,</u> No. 08-251, 2012 WL 892190 at *2 (D. Minn. Mar. 15, 2012)(quoting <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). The Court finds Defendant is procedurally barred from raising this issue because he failed to present it on direct appeal to the Eighth Circuit, failed to demonstrate there was a complete miscarriage of justice, failed to demonstrate cause that excused his default, failed to demonstrate prejudice from the default, or

-21-

that he is actually innocent.

**VI.   GROUND FOUR:**

Although Defendant indicated that the reader should "(See attached Memorandum)" in Ground Four, a review of his memorandum does not reveal any additional arguments that have not been addressed by the undersigned in this report and recommendation. Accordingly, Defendant's Ground Four is without merit.

**VII. WHETHER AN EVIDENTIARY HEARING IS REQUIRED:**

Defendant bears the burden of establishing the need for an evidentiary hearing. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). The Eighth Circuit has held that a petitioner is entitled to an evidentiary hearing on a section 2255 motion unless "'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)(quoting United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005)(alteration in original)(quoting 28 U.S.C. § 2255). However, the Eighth Circuit further stated:

> No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."

Anjulo-Lopez, 541 F.3d at 817 (quoting Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)(internal quotation omitted).

The Court is not required to give weight to "conclusory

AO72A
(Rev. 8/82)

allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." McGill, 11 F.3d at 225). A hearing is unnecessary "'when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case.'" McGill, 11 F.3d at 225-226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974).

Considering the face of Defendant's pro se motion as well as the files and records of the case, no hearing is required in this case. See Anjulo-Lopez, 541 F.3d at 817.

**Based upon the foregoing, the undersigned hereby recommends that Defendant's § 2255 motion be denied.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of

-23-

appealability be denied.

The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 15th day of June, 2015.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-24-